**Gilberto MUNOZ–DIAZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 10–71760, 11–70007.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2013.*

Filed Jan. 16, 2013.

Angela Richards, Angela Richards, Boise, ID, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Aric Allan Anderson, OIL, Nehal Kamani, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Gilberto Munoz–Diaz, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying Munoz–Diaz's application for adjustment of status and of the BIA's subsequent order denying Munoz–Diaz's motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

credibility determinations, *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir.2011), review de novo questions of law, *Carrillo de Palacios v. Holder*, 662 F.3d 1128, 1130 (9th Cir.2011), and review for abuse of discretion the denial of a motion to reopen, *Granados–Oseguera v. Mukasey*, 546 F.3d 1011, 1014 (9th Cir.2008). We deny the petitions for review.

Substantial evidence supports the BIA's determination that Munoz–Diaz did not testify credibly about his entry into the United States in May 2000 because his testimony contained a significant falsehood and exhibited persistent evasiveness and unresponsiveness. *See Singh*, 643 F.3d at 1181 ("An [alien] who lies to immigration authorities casts doubt on his credibility and the rest of his story."); *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) ("We have also upheld an adverse credibility finding where the petitioner . . . failed to clarify her answers despite multiple opportunities to do so.").

Because Munoz–Diaz did not provide clear and convincing evidence that he last entered the United States lawfully, the BIA correctly concluded that Munoz–Diaz was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without first having been admitted or paroled and that his inadmissibility rendered him statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(a). *See Lopez–Chavez v. INS*, 259 F.3d 1176, 1181 (9th Cir.2001) ("If the alien fails to meet this burden, he is presumed to be in the United States in violation of the law. . . .").

The BIA also correctly concluded that Munoz–Diaz was statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(i) because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) for having reentered the United States without being admitted after previously accruing more

than one year of unlawful presence. *See Garfias–Rodriguez v. Holder*, 702 F.3d 504, 513–14 (9th Cir.2012) (en banc). Munoz–Diaz's reentry after only two months of remaining outside of the country precludes him from qualifying for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(ii). *See Carrillo de Palacios*, 662 F.3d at 1132. The BIA did not err in retroactively applying *Matter of Briones*, 24 I. & N. Dec. 355, 371 (BIA 2007), to Munoz–Diaz's case because his departure from the United States in March 2000 under a 1999 order of voluntary departure does not indicate reasonable reliance on preexisting law. *See Garfias–Rodriguez*, 702 F.3d at 522 (describing the time period for establishing reasonable reliance on case law predating *Matter of Briones*). Accordingly, the BIA did not abuse its discretion by denying Munoz–Diaz's motion to reopen to seek adjustment of status in conjunction with a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(ii). *See Granados–Oseguera*, 546 F.3d at 1016 (observing that prima facie eligibility for relief is a prerequisite for reopening).

Finally, to the extent Munoz–Diaz now challenges the validity of the 1999 order of voluntary departure, this claim is not properly before us. *See Carrillo de Palacios*, 662 F.3d at 1131–32 ("[A]n alien cannot collaterally attack an earlier exclusion or deportation at a subsequent deportation hearing, in the absence of a gross miscarriage of justice at the prior proceeding." (quotation marks and internal citation omitted)).

We deny as moot Munoz–Diaz's motion to stay these proceedings.

**PETITIONS FOR REVIEW DENIED.**